Taft, J.,
concurring. As stated in the majority opinion:
“This court has heretofore held that where in the course of a trial a defendant appropriately moves for a directed verdict, which motion or motions are overruled, a verdict is returned for the defendant, and plaintiff’s motion for a new trial is sustained, there emerges from such sequence of events a final appeal-able order [cases cited].
“The above-cited cases are not questioned or challenged in Green v. Acacia Mutual Life Ins. Co., supra, as a perusal of the opinion in that case will disclose.”
Unless this court now decides to abandon those consistent holdings, there was therefore no occasion in the instant case for any motion for judgment after the order granting the motion for new trial. In Hubbuch v. City of Springfield, supra, 415, one of the cases so cited, this court stated that it “may ignore entirely” just such a motion for judgment. If, as the syllabus in the instant case suggests, such a motion for judgment can be made after an order granting plaintiff’s motion for new trial and vacating the judgment on a verdict (notwithstanding that Section 11601, General Code, apparently contemplates such motion only if a verdict is against the party so moving and Section 11599-1, General Code, indicates that such a motion must be made before a judgment on that verdict), within what period thereafter must such motion be made in order to be made “forthwith” (no statute even provides for making such motion “forthwith”)? If the trial court delays ruling on it, is the ruling on such' motion, no matter how long delayed, a final appealable order as the syllabus indicates? If, as the majority opinion states, “this court has heretofore *520 held” that a final order “emerges from” the “sequence of events” terminating in an order granting a new trial (after a motion by defendant for a directed verdict which should have been granted and a verdict for defendant), which of these two final orders should a defendant select as the basis for his appeal; or can a defendant select either, depending upon which is more likely to be advantageous to him?
In my opinion, it is unfortunate that this court should make a decision such as this which will unnecessarily increase procedural complications and problems. This court should endeavor to avoid using its time and efforts in creating procedural red tape which will obscure or bury questions of substantive law. Appellate procedure is a branch of the law where simplicity, clarity and consistency are especially important.